IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KEEVA T. O'NEAL,

        Plaintiff,

vs.

LEIGH ANN RETELSDORF, Douglas County District Judge; and JOHN FRIEND, Douglas County District Court Clerk;

        Defendants.

8:17CV33

**MEMORANDUM AND ORDER**

Plaintiff filed a Complaint on February 2, 2017. (Filing No. 1.) He has been granted leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff is a prisoner in custody at the Nebraska State Penitentiary in Lincoln, Nebraska. (Filing No. 1 at CM/ECF p. 4.) He seeks declaratory and injunctive relief against Defendants Leigh Ann Retelsdorf ("Retelsdorf"), a Douglas County District Court judge, and John Friend ("Friend"), the Douglas County District Court Clerk. (*Id*.) Specifically, he seeks his right to access the courts and "to the requested written deposition responses of Respondent Retelsdorf upon the refiling of the Petitioner's State court petition and other pleadings made therein for the redress sought." (*Id*.)

Plaintiff alleges that Retelsdorf, as a prosecutor, mistakenly used false information in police reports to charge him with felony offenses of which he was

subsequently wrongfully convicted. (*Id*. at CM/ECF p. 2.) Specifically, he alleges that someone other than "Edward Duncan," who Retelsdorf alleged as the victim in the Information, claimed that Plaintiff shot him. (*Id*. at CM/ECF pp. 7, 12.) He claims that Retelsdorf admitted to Plaintiff's allegations at a hearing in 1999 before a now deceased judge. (*Id*.) Plaintiff asserts that Retelsdorf has thwarted his efforts to depose her because, in violation of Neb. Rev. Stat. § 25-2301.02, she "secretly" overruled his in forma pauperis applications that accompanied his petitions for writ of error coram nobis and thereafter concealed her orders from him. (*Id*. at CM/ECF pp. 6-9, 11-13.) Retelsdorf's actions, according to Plaintiff, are to conceal her prosecutorial mistake and his wrongful convictions. (*Id*.)

Plaintiff alleges that Friend conspired with Retelsdorf and neglected to prevent her actions. (*Id*. at CM/ECF pp. 12, 15.) He states that he informed Friend in March of 2016 of Retelsdorf's actions. (*Id*. at CM/ECF p. 13.) He requested from Friend the case numbers and copies of Retelsdorf's orders, but Friend failed to respond to his requests and violated Neb. Rev. Stat. § 25-1301.01 in doing so. (*Id*. at CM/ECF pp. 13, 18.) Plaintiff alleges that, as a result, he could not appeal from Retelsdorf's March 2016 order denying his in forma pauperis application. (*Id*. at CM/ECF pp. 14, 15-16.) Plaintiff filed another petition in June of 2016 with the filing fee. (*Id*. at CM/ECF p. 19.) He states that the Douglas County Clerk's Office repeatedly informed his sister that it was not filed. (*Id*. at CM/ECF pp. 19-20.) Plaintiff alleges that he did file the petition but Friend acted "in concert" with Retelsdorf and intentionally withheld the case number from him for five months, which prevented him from timely serving the defendants and caused the case to be dismissed. (*Id*. at CM/ECF pp. 14, 19-20.)[1] Plaintiff claims that Defendants' actions violated his rights to Due Process and Equal Protection under the Fourteenth Amendment. (*See* Filing No. 1.)

---

[1] Neb. Rev. Stat. § 25-217 mandates dismissal of a complaint without prejudice by operation of law if defendants are not served within six months from the date the complaint was filed. *See Vopalka v. Abraham*, 619 N.W.2d 594 (Neb. 2000).

## II.  APPLICABLE STANDARDS OF REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting

under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION

As an initial matter, it appears to the court that Plaintiff attempts review of state court decisions through this federal action. At the core of Plaintiff's allegations is that he did not shoot the victim alleged in the Information. However, the Nebraska Court of Appeals rejected this argument in Plaintiff's direct appeal when it found without merit Plaintiff's argument that the information was defective because it charged him with an offense against "Edward Duncan," who was actually "Allan Duncan" impersonating "Edward Duncan." *See State v. O'Neal*, 2005 WL 1022027, *4-5 (Neb. 2005). The *Rooker-Feldman* doctrine prevents this court from sitting in review of matters which have been considered by the state court. S*ee Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). It also appears to the court that Plaintiff attempts review of Defendants' compliance with state procedures. But, a federal court will not inquire into whether "state officers follow state law." *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) ("[The plaintiff's] only argument is that the state failed to follow its own procedural rules and thus failed to afford him the due process of law mandated by the Constitution. But, as we have stated above, the Due Process Clause does not federalize state-law procedural requirements.").

Nonetheless, Plaintiff fails to set forth factual allegations that "nudge" his claims of access to the courts "from conceivable to plausible."[2] "[P]risoners have a

---

[2] The court notes that Plaintiff cites 42 U.S.C. §§ 1985(3) and 1986 in his Complaint, however, he alleges no existence of racial or other class-based invidious discriminatory animus. *See Lowe v. Letsinger*, 772 F.2d 308, 311 (7th Cir. 1985) (Actions under § 1985(3) rely on the existence of racial or other class-based invidious discriminatory animus); *see also Rylewicz v. Beaton Servs., Ltd.*, 888 F.2d 1175, 1180 (7th Cir. 1989) (Section 1986 enforces Section 1985).

4

constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, this right is only violated if the prisoner has suffered an "actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), by way of an official action that hindered his or her pursuit of a "nonfrivolous" or "arguable" underlying legal claim. *Id.* at 353 & 353 n. 3. "To prove actual injury, [Plaintiff] must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008) (citation omitted).

A review of JUSTICE[3] shows that Retelsdorf is not the assigned judge to any of Plaintiff's state court cases, and the court does not find it "plausible" that Retelsdorf is "secretly" denying Plaintiff's in forma pauperis applications in cases before other judges. For instance, how does Plaintiff know that Retelsdorf is issuing such orders if done in secret? Consequently, Friend could not give Plaintiff case numbers and copies of orders that do not exist.[4] On June 6, 2016, Plaintiff did file a "Petition for Writ of Error Coram Nobis and for depositions" involving Retelsdorf's prosecutorial actions and he paid the filing fee.[5] However, because

---

Similarly, Plaintiff cites "Equal Protection" but fails to allege that he was treated differently from others similarly situated to him. *See Johnson v. City of Minneapolis*, 152 F.3d 859, 862 (8th Cir. 1998). In short, Plaintiff fails to state a claim under Section 1985, Section 1986, and Equal Protection.

[3] *at* https://www.nebraska.gov/justice//case.cgi; *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

[4] Moreover, [a]llegations of a conspiracy must be pleaded with sufficient specificity and factual support to suggest a meeting of the minds. *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983). Plaintiff's allegations of a conspiracy between Defendants are nothing more than conjecture.

[5] PDF of JUSTICE document for *Keeva T O'Neal v. State of Nebraska*, Douglas County District Court Case No. CI 16-4670, *at* https://www.nebraska.gov/justice//case.cgi.

Judge Otepka dismissed the case *without prejudice* for Plaintiff's failure to timely serve the defendants, Plaintiff is not prevented from re-filing the action and, in fact, his allegations are that he intends to do so. Moreover, based upon the decision of the Nebraska Court of Appeals in Plaintiff's direct appeal, the court finds that Plaintiff's underlying legal claim – that he did not shoot the victim identified in the Information – is not "nonfrivolous" or "arguable." In short, Plaintiff's claims of access to the courts fail because he cannot show actual injury or prejudice.

Out of an abundance of caution, the court will provide Plaintiff an opportunity to file an amended complaint that states a claim upon which relief may be granted. Plaintiff shall file his amended complaint no later than **May 13, 2017**. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. Further, the court warns Plaintiff that it has no authority to order Retelsdorf to answer Plaintiff's future state court written deposition requests.

IT IS THEREFORE ORDERED that:

1.     Plaintiff shall file an amended complaint against Defendants no later than **May 13, 2017**. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2.     The clerk of the court is directed to set a pro se case management deadline using the following text: **May 13, 2017**, check for amended complaint.

Dated this 13th day of April, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge